# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE CRAAN,<br><br>         Plaintiff,<br><br>   vs.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>         Defendant.<br>_____/ | CASE NO. CV F 07-0892 LJO DLB<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVE MOTION FOR JUDGMENT ON PLEADINGS**<br>(Doc. 16.) |

## INTRODUCTION

Defendant U.S. Army Corps of Engineers ("Corps") seeks F.R.Civ.P. 12(b)(1) and (6) dismissal of plaintiffs Collette Craan ("Ms. Craan") and her minor son Christian Dewey's ("Christian's") tort claims arising from the Lake Isabella drowning death of Casand Dewey ("Casand"), Ms. Craan's son and Christian's brother. The Corps alternatively seeks a F.R.Civ.P. 12(c) judgment on Ms. Craan and Christian's (collectively "plaintiffs'") claims. Plaintiffs filed no timely opposition papers. This Court considered the Corps' alternative motions on the record and VACATES the January 10, 2008 hearing, pursuant to Local Rule 78-230(c), (h). For the reasons discussed below, this Court DISMISSES with prejudice plaintiffs' claims.

## BACKGROUND

### Lake Isabella

Congress authorized the Corps, an agency of the U.S. Army, to construct the dam at Lake Isabella for flood control pursuant to the Flood Control Act of 1944 ("FCA"), 33 U.S.C. §§ 701, et seq. The

Corps characterizes the project as a "comprehensive plan for flood control." The Corps continues to control the dam and gross pool of floodwaters contained in Lake Isabella.

### Casand's Drowning

On June 25, 2005, Casand, then age 20, drowned when swimming in Lake Isabella. Casand had been swimming with friends back and forth to a small island about 100 yards off shore. The Coroner's Report indicated "drowning" as cause of death and an absence of trauma, violence or apparent septic process.

### Plaintiffs' Claims

On June 22, 2007, Ms. Craan filed for herself and Christian an administrative claim against the Corps to claim that Casand was pulled under the water by a "strong hydro suction sediment or current." The administrative claim lists contributors to Casand's death of: (1) overgrown algae; (2) toxic chemicals; (3) strong undercurrents of which swimmers are unaware; (4) unmarked underwater hazards; and (5) the Corps' negligence in Lake Isabella's construction and maintenance. The administrative claim further alleges that toxic chemicals caused Casand's violent medical reaction to slow his breathing and ability to swim safely.

Also on June 22, 2007, Ms. Craan filed for herself and Christian this action by attaching substantive portions of the administrative claim to a caption page. On August 15, 2007, the U.S. Army Claims Service denied Ms. Craan and Christian's claims.

The Corps seeks to dismiss plaintiffs' claims on grounds that: (1) the FCA immunizes the Corps from liability; (2) plaintiffs failed to exhaust administrative remedies; and (3) plaintiffs lack standing to assert a wrongful death claim.

### DISCUSSION

### F.R.Civ.P. 12(b)(1) Motion to Dismiss Standards

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must be neither disregarded nor evaded. *Owen*

*Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396.

A F.R.Civ.P. 12(b)(1) attack on jurisdiction may be facial to confine inquiry to the complaint's allegations, or factual to permit a court to look beyond the complaint. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-1040, n. 2 (9th Cir. 2003). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977). In a factual challenge, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 210 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). In addition, a court "need not presume the truthfulness of the plaintiffs' allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d

3

1  696, 699 (9th Cir. 1998).  A court need not permit an attempt to amend a complaint if "it determines that
2  the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v.*
3  *N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### F.R.Civ.P. 12(c) Motion For Judgment On The Pleadings

F.R.Civ.P. 12(c) authorizes a motion for judgment on the pleadings: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003).

A F.R.Civ.P. 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). "[T]he central issue is whether, in light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001).

The standards for deciding F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 12(c) motions are the same. *Great Plains Trust v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313, n. 8 (5th Cir. 2002). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Hughes*, 278 F.3d at 420.

With these standards in mind, this Court turns to the merits of the Corps' alternative F.R.Civ.P. 12 motions.

### FCA Immunity

The FCA provides a broad grant of immunity to the Corps: "No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place . . ." 33 U.S.C. § 702c ("section 702c"). "It is difficult to imagine broader language. . . . It is thus clear from § 702c's plain language that the terms 'flood' and 'flood waters' apply to all waters contained in or carried through a federal flood control project for purposes of . . . flood control, as well as to waters that such projects cannot control." *United States v. James*, 478 U.S. 597, 605, 106 S.Ct. 3116, 121 (1986). If injury results from operation of a federal project "for flood control purposes, government immunity is complete" and applies although the "federal project has multiple purposes and is not intended

exclusively for flood control." *Morici Corp. v. United States*, 681 F.2d 645, 647 (1982). The "determinative factor" is the project's "purpose," and if Congress authorized the project for "flood control purposes," the immunity "continues to attach." *Morici*, 681 F.2d at 648. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, did not repeal FCA immunity. *Clark v. United States*, 218 F.2d 446, 453 (9th Cir. 1954).

As the Corps notes, "Congress specifically authorized the project for the Isabella Reservoir on the Kern River . . . for 'flood control and other purposes' in the Flood Control Act of 1944." Even if the project was operated at the time of the negligence for a purpose other than flood control, so long as the damage or injury was not "wholly unrelated" to a Congressionally authorized flood control project, "a sufficient nexus for purposes of § 702c immunity exists." *McCarthy v. United States*, 850 F.2d 558, 562, *cert. denied*, 489 U.S. 1052, 109 S.Ct. 112 (1989) (citing *Morici*, 681 F.2d at 648). The Corps argues that section 702c immunity attaches with a "sufficient nexus" between flood control and Casand's death.

The Corps establishes, and plaintiffs fail to refute, that section 702c immunity applies to the Corps' control of the Lake Isabella project. Plaintiffs make no meaningful challenge to section 702c immunity which protects the Corps from liability from Casand's death. Under the circumstances, plaintiffs can allege no facts to avoid section 702c liability.

**Sovereign Immunity And Administrative Exhaustion**

In addition to section 702c immunity, the Corps argues that it is entitled to traditional sovereign immunity.

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941). A waiver of traditional sovereign immunity is not implied but must be unequivocally expressed. *See United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953-954 (1976). "There cannot be a right to money damages without a waiver of sovereign immunity." *Testan*, 424 U.S. at 400, 96 S.Ct. at 954. "[T]he United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965 (1983).

A party bringing a cause of action against the federal government bears the burden of showing

an unequivocal waiver of immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983), *cert. denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984). "Thus, the United States may not be sued without its consent and the terms of such consent define the court's jurisdiction." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845 (1988).

The Corps argues that the FTCA is "the only conceivable jurisdictional basis" for plaintiffs' alleged tort claim. "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States." *Federal Deposit Ins. Corp. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). The FTCA requires a government tort plaintiff, prior to filing a district court action, to present a "claim to the appropriate Federal agency" and the agency's claim denial. 28 U.S.C. § 2675.

The Ninth Circuit Court of Appeals has explained:

> The requirement of an administrative claim is jurisdictional. . . . Because the requirement is jurisdictional, it "must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States."

*Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (citations omitted.)

"[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497 (1980). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993).

Plaintiffs here presented an administrative claim against the Corps on the same date they filed this action. As such, the Corps correctly argues that this Court lacks jurisdiction over plaintiffs' claims in the absence of exhaustion of their administrative claim prior to filing this action. Plaintiffs can allege no facts to relieve their exhaustion requirements.

**Substantive Merits Of Plaintiffs' Claims**

The Corps contends that plaintiffs' complaint "fails to set forth a prima facie case" in that plaintiffs lack standing under California Code of Civil Procedure section 377.60 ("section 377.60") to pursue wrongful death claims.

A district court applies the substantive law of the state where the negligent act or omission

occurred in an FTCA action. *See Richards v. United States*, 369 U.S. 1, 11, 82 S.Ct. 585 (1962). Under section 377.60(a), a wrongful death action may be pursued by a decedent's surviving spouse or children, or if there are no surviving issue, by a person entitled to inherit from decedent by intestate succession. Section 377.60(b) permits a parent to pursue a wrongful death action if "dependent" on the deceased child.

The Corps properly faults the complaint's absence of allegations that Casand had no children and that Ms. Craan was dependent on Casand to permit Ms. Craan to pursue a wrongful death claim.

In addition, a sibling, such as Christian, is barred to bring a wrongful death action unless the decedent has no surviving issue or parents. Cal. Code Civ. Proc., § 377.60(a); Cal. Prob. Code, § 6402(c). A decedent's sibling, while a potential heir under California probate law, is ineligible to bring a section 377.60 wrongful death action if a decedent's parent survives. *Mayo v. White*, 178 Cal.App.3d 1083, 1088, 224 Cal.Rptr. 373, 376 (1986).

The Corps correctly notes that since the complaint is clear that Ms. Craan survives as Casand's parent, Christian's wrongful death claim is barred.

The complaint fails to allege necessary allegations to permit plaintiffs to pursue section 377.60 wrongful death claims, and no facts are apparent to revive such claims.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DISMISSES with prejudice this action due to: (1) the Corps entitlement to section 702c immunity; (2) plaintiffs' failure to exhaust administratively their claims prior to this action; and (3) failure of their claims under section 377.60. This Court DIRECTS the clerk to enter judgment in favor of defendant U.S. Army Corps of Engineers and against plaintiffs Colette Craan and Christian Dewey and to close this action.

IT IS SO ORDERED.

**Dated:   January 3, 2008**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE