IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE CRAAN, et al., | CASE NO. CV F 07-0892 LJO DLB |
| Plaintiffs, | **ORDER ON PLAINTIFFS' MOTION TO RECONSIDER** |
| vs. | (Doc. 24.) |
| U.S. ARMY CORPS OF ENGINEERS, | |
| Defendant. | |

Plaintiffs Collette Craan ("Ms. Craan") and her minor son Christian Dewey ("Dewey") seek reconsideration of this Court January 4, 2008 order to dismiss with prejudice Ms. Craan and Dewey's (collectively "plaintiffs'") tort claims against defendant U.S. Army Corps of Engineers ("Corps") arising from the Lake Isabella drowning death of Casand Dewey, Ms. Craan's son and Christian's brother. Plaintiffs request this Court to amend dismissal of their claims without prejudice on grounds that this Court lacks jurisdiction in the absence of plaintiffs' exhaustion of administrative remedies. The Corps contends that plaintiffs improperly seek reconsideration.

The main grounds for the Corps' motion to dismiss was that the Corps was entitled to broad immunity under the Flood Control Act of 1944 ("FCA"), 33 U.S.C. §§ 701, et seq., and in particular under 33 U.S.C. § 702c ("section 702c"). This Court dismissed with prejudice plaintiffs' action due to the Corps' entitlement to section 702c immunity. Further grounds for dismissal were plaintiffs' failure to exhaust administratively their claims prior to this action and plaintiffs' failure to allege necessary facts

to permit them to pursue wrongful death claims under California Code of Civil Procedure section 377.60.

Plaintiffs did no oppose dismissal of their action. After this Court's January 4, 2008 judgment in favor of the Corps and against plaintiffs, plaintiffs submitted what this Court understands was plaintiffs' attempt to dismiss this action without prejudice. This Court found plaintiffs' submission moot and without merit given that this Court had dismissed this action and plaintiffs failed to oppose dismissal.

Plaintiffs' reconsideration request addresses chiefly administrative exhaustion. Plaintiffs fail to address section 702c immunity, the main grounds for dismissal. Despite whether plaintiffs had exhausted their claims, section 702c barred them. Moreover, amendment of dismissal without prejudice would unduly award plaintiffs for their failure to observe administrative exhaustion requirements.

Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). Plaintiffs fail to demonstrate new evidence, clear error or change in law for reconsideration. Moreover, to the extent plaintiffs' reconsideration request seeks to alter or amend a judgment, it is untimely under F.R.Civ.P. 59(e), which requires a party to such relief "no later than 10 days after the entry of the judgment."

For the reasons discussed above, this Court DENIES plaintiffs' reconsideration request to amend dismissal without prejudice.

IT IS SO ORDERED.

**Dated:   February 13, 2008**             **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE